UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERATION OF STATE MASSAGE THERAPY BOARDS<br><br>Plaintiff,<br><br>v.<br><br>ACADEMY OF ORIENTAL THERAPY, LLC, et al.,<br><br>Defendants. | Civ. No. 3:13-cv-06317<br><br>OPINION |

THOMPSON, U.S.D.J.

This matter comes before the Court on behalf of Plaintiff Federation of State Massage Therapy Boards ("Plaintiff"). Plaintiff seeks an *ex parte* temporary restraining order, a seizure and impoundment order, an order setting bond, and an order setting preliminary injunction hearing. The Court has decided this motion based upon Plaintiff's oral arguments and written submissions. For the reasons discussed below, Plaintiff's motion is granted.

BACKGROUND

Plaintiff develops and administers a national licensing exam for massage and body work professionals known as the Massage & Body Work Licensing Exam ("MBLEx"). The MBLEx provides a unified set of nationally-verified, entry-level standards for safe and competent practice of massage and bodywork. MBLEx scores are used by licensing agencies when evaluating applicants for massage and bodywork licensure. State and municipal licensure

1

agencies require a passing score on the MBLEx to obtain a license to practice massage and bodywork.

The MBLEx contains copyrighted questions that are only revealed to exam takers under strict confidence. Plaintiff invests substantial time and effort into developing the multiple choice questions used on the MBLEx and works to ensure the security of the exam. The security of the MBLEx exam questions is necessary to assess the competence of MBLEx test takers.

Defendant Academy of Oriental Therapy ("AOT") provides education and training to massage and bodywork students at an office in West Windsor, New Jersey. Plaintiff's investigation shows that Defendants are improperly collecting and sharing hundreds of copyrighted and highly confidential MBLEx questions.

The unauthorized distribution of copyrighted MBLEx questions threatens the integrity of the MBLEx exam, which protects the public from incompetent massage and bodywork professionals.

## DISCUSSION

The grant or denial of a temporary restraining order or a preliminary injunction is within the discretion of the Court. *See American Exp. Travel Related Services, Inc. v. Sidamon–Eristoff,* 669 F.3d 359, 366 (3d Cir. 2012). The primary purpose of preliminary injunctive relief "is maintenance of the status quo until a decision on the merits of a case is rendered." *Acierno v. New Castle County,* 40 F.3d 645, 647 (3d Cir.1994). "Status quo" refers to "the last, peaceable, noncontested status of the parties." *Kos Pharm., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir.2004). The decision to issue a preliminary injunction and/or temporary restraining order is governed by the same four-factor test, wherein Plaintiff must demonstrate:

> (1) that [it is] reasonably likely to prevail eventually in the litigation and (2) that [it is] likely to suffer irreparable injury without relief. If these two threshold

showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiff[...] and (4) whether granting relief would serve the public interest.

*K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013) (quoting *Tenafly Eruv Ass'n v. Borough of Tenafly*, 309 F.3d 144, 157 (3d Cir. 2002)); *see also Trefelner ex rel. Trefelner v. Burrell Sch. Dist.*, 655 F.Supp.2d 581, 589 (W.D. Pa. 2009) ("The standard used to evaluate whether the issuance of a temporary restraining order is warranted is the same as that used to evaluate whether the issuance of a preliminary injunction is appropriate."). In reaching its decision on the request for injunctive relief, the Court sits as both the arbiter of legal disputes and trier of fact and is therefore tasked with resolving factual disputes and assessing the credibility of witness testimony. *See, e.g., Hudson Global Resources Holdings, Inc. v. Hill*, Civ. A. No. 07–132, 2007 WL 1545678, at *8 (W.D. Pa. May 25, 2007).

Here, Plaintiff has demonstrated that a temporary restraining order is an appropriate remedy. First, Plaintiff has demonstrated a reasonable probability of success. Second, the unauthorized distribution of MBLEx questions causes Plaintiff immediate irreparable injury. Third, it is impractical to give notice to the Defendants prior to the issuance of this Order because of the likelihood that Defendants would destroy evidence of infringing activities. Finally, the public interest embodied in the Copyright Act and other applicable law is furthered by issuance of this order.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for a Temporary Restraining Order is granted. An appropriate Order accompanies this Opinion.

/s/ Anne E. Thompson
ANNE E. THOMPSON, U.S.D.J.

Dated: 10/28/13